IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

LISA ANN OSER, )
)
Plaintiff, )
) Case No. 06-CV-1272
v. )
) Judge Michael M. Mihm
OAK STATE PRODUCTS, INC., )
)
Defendant. )

**DEFENDANT OAK STATE PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-5**

Defendant Oak State Products, Inc. ("Oak Sate"), through its attorneys, Kerryann M. Haase and Brian P. Paul, hereby answers the Pro Se Complaint ("Complaint") of Plaintiff Lisa Oser ("Plaintiff") as follows:

I.  PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION (EEOC)

A.  Have you filed a charge before the federal Equal Employment Opportunities Commission (EEOC) relating to this claim of employment discrimination?

**YES**

**ANSWER:** Oak State admits the allegation contained in paragraph I(A) of Plaintiff's Complaint.

B.  If your answer is YES, describe the EEOC proceeding:

1.  Parties to the previous EEOC proceeding:

Petitioner (s)  **Lisa A. Oser**

Respondent (s)  **Oak State Products, Inc.**

    **ANSWER:** Oak State admits the allegations contained in paragraph I(B)(1) of Plaintiff's Complaint.

2. Location of EEOC office that handled your charge
**500 W. Madison Street, Suite 2800, Chicago, IL  60661**

    **ANSWER:** Oak State admits the allegations contained in paragraph I(B)(2) of Plaintiff's Complaint.

3. Docket or case number of your charge:  **210-2005-04691**

    **ANSWER:** Oak State admits the allegations contained in paragraph I(B)(3) of Plaintiff's Complaint.

4. Disposition (what was the final result of your charge):
**The Commission has found reasonable cause to believe that my charge of employment discrimination is true but has not entered into a concilliation agreement to which I am a party, [sic] the Commission has determined that is [sic] will bring civil action against the Respondent.**

    **ANSWER:** Oak State denies the allegations contained in paragraph I(B)(4) of Plaintiff's Complaint.

5. Has the EEOC written you a right-to-sue letter (telling you that you have the right to sue in the United States District Court if you are dissatisfied with the disposition of your charge)?  **YES**

    **ANSWER:** Oak State admits the allegations contained in paragraph I(B)(5) of Plaintiff's Complaint.

6. Date of filing charge before EEOC:  **May 9, 2005**

    **ANSWER:** Oak State admits the allegations contained in paragraph I(B)(6) of Plaintiff's Complaint.

7. Date of disposition by EEOC:  **July 31, 2006**

    **ANSWER:** Oak State admits the allegations contained in paragraph I(B)(7) of Plaintiff's Complaint.

C. Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

**ANSWER:** No answer is required from Oak State for paragraph I(B)(7) of Plaintiff's Complaint, and, accordingly, Oak State denies the same.

II. PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC

A. Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination? **NO**

**ANSWER:** Oak State does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph II(A) of Plaintiff's Complaint, and, accordingly, denies the same.

B. If your answer is YES, describe each legal proceeding:

**ANSWER:** No answer is required from Oak State for paragraph II(B) of Plaintiff's Complaint, and, accordingly, Oak State denies the same.

C. Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)? **NO**

**ANSWER:** Oak State admits the allegations contained in paragraph II(C) of Plaintiff's Complaint.

III. PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION

A. Plaintiff(s)

1. Your full name: **Lisa Ann Oser**

    **ANSWER:** Oak State admits the allegations contained in paragraph III(A) of Plaintiff's Complaint.

2. Your address: **226 S. Walnut Street, Toluca, IL 61369**

   **ANSWER:** Oak State does not have sufficient knowledge or information to form a belief as to the thruth of the allegations contained in paragraph III(A)(2) of Plaintiff's Complaint, and, accordingly, denies the same.

  3. Names and addresses of other plaintiffs, if any (You should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf of your and them):  **N/A**

   **ANSWER:** No answer is required by Oak State for paragraph III(A)(3) of Plaintiff's Complaint, and, accordingly, Oak State denies the same.

B. Have you attached a separate sheet naming other plaintiffs?  **NO**

 **ANSWER:** Oak State admits the allegations contained in paragraph III(B) of Plaintiff's Complaint.

C. Defendant (s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

  1. Full name (individual or firm):  **Oak State Products, Inc.**

   **ANSWER:** Oak State admits the allegations contained in paragraph III(C)(1) of Plaintiff's Complaint.

  2. Business address: **P.O. Box 549, Wenona, IL  61377 / 775 State Route 251, Wenona, IL  61377**

   **ANSWER:** Oak State admits the allegations contained in paragraph III(C)(2) of Plaintiff's Complaint.

  3. Job position (if individual)  **N/A**

   **ANSWER:** No answer is required by Oak State to paragraph III(C)(3) of Plaintiff's Complaint, and, accordingly, Oak State denies the same.

  4. Status as an entity (if defendant is a business firm):

   (  ) Corporation

    (  ) Partnership

    (  ) Sole Proprietorship

    (  ) Other _____

(If you do not know the information, and you cannot find out by reasonable means, ask the defendant for it. If the defendant will not tell you, leave this section blank.)

**ANSWER:** No answer is required by Oak State to paragraph III(C)(4) of Plaintiff's Complaint, and, accordingly, Oak State denies the same.

5. Names, business address, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by you or on your behalf): **N/A**

**ANSWER:** No answer is required by Oak State to paragraph III(C)(5) of Plaintiff's Complaint, and, accordingly, Oak State denies the same.

D. Have you attached a separate sheet naming other defendants? **NO**

**ANSWER:** Oak State admits the allegations contained in paragraph III(D) of Plaintiff's Complaint.

IV. STATEMENTS OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

A. Were you:
(  ) Not hired?
(**XXXX**) Discharged?
(  ) Suspended?
(  ) Demoted?
(  ) Denied Promotion?
(  ) Denied Wage Increases?
(**XXXX**) Other (please specify) **Denied Transitional Duty**

**ANSWER:** Oak State admits that Plaintiff was discharged, but denies the remaining allegations contained in paragraph IV(A) of Plaintiff's Complaint.

B.  State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the name so of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACT SPEAK FOR THEMSELVES.

**1.     I was on FMLA due to my pregnancy. On or about March 18, 2005 I received a letter from Oak State Products informing me that my FMLA will expire on or about April 6, 2005 and if I did not return to work before my FMLA expired or apply for a leave or absents [sic] from Oak State Products, good for eight weeks I would be terminated.**

**ANSWER:**   Oak State admits that Plaintiff was on FMLA due to her pregnancy. Oak State denies the remaining allegations in paragraph IV(B)(1) of Plaintiff's Complaint.

**2.     I talked to my doctor and due to the fact that the leave of absents [sic] would not cover the remaining weeks of my pregnancy and maternity leave my doctor agreed to allow me to return to work with restrictions. Tom Grubb the Human Resource Manager for Oak State Products said I could not return to work with any restrictions. Tom Grubb was informed that my doctor would not remove the restrictions until I gave birth and my six weeks maternity leave was up. Tom Grubb said he was already aware of this.**

**ANSWER:**   Oak State does not have any knowledge or information about what Plaintiff discussed with her doctor and, accordingly, denies the same. Oak State admits that Tom Grubb, Oak State' Human Resources Manager, told Plaintiff that she could not return to work with her restrictions. Oak State denies the remaining allegations in Paragraph IV(B)(2) of Plaintiff's Complaint.

**3.     Approximately three to four weeks latter [sic] I received a letter from Oak State Products stating that I had abandoned my job and that I was terminated.**

ANSWER:    Oak State admits it sent Plaintiff a letter stating she had abandoned her job and consequently her job with Oak States was terminated. Oak State denies the remaining allegations in paragraph IV(B)(3) of Plaintiff's Complaint.

**4.    I believe I was discriminated against because I was a pregnant female, I was denied transitional duty and wrongly terminated.**

ANSWER:    Oak State does not have sufficient information or knowledge to determine the truth of the allegations in paragraph IV(B)(4), and, accordingly, denies the same. Oak State denies the remaining allegations contained in paragraph IV(B)(4) of Plaintiff's Complaint.

V.    RELIEF YOU REQUEST

Check below what you want the court to do for you. You may make as many checks as you like.

(XXXX)    Should you prevail in this lawsuit, award you back pay.

(    )    Should you prevail in this lawsuit, reinstate you in your old position.

(    )    Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys fees).

(XXXX)    Other: **Compensatory and/or punitive damages restoration of lost benefits, injunctive relief and notice to employees of the violation and resolution of the claim.**

### ANSWER TO REQUEST FOR RELIEF

Oak State Products, Inc. denies that Plaintiff is entitled to any relief requested in this action and prays for a judgment in its favor and against Plaintiff and that Oak State be awarded all of its costs.

VI    JURY DEMAND            YES

**ANSWER:** No answer is required from Oak State for paragraph VI of Plaintiff's Complaint, and, accordingly, Oak State denies the same.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff is not entitled to any of the requested relief because Oak State's conduct and decisions related to the allegations in Plaintiff's Complaint were motivated by legitimate, non-discriminatory reasons.

### SECOND DEFENSE

2. Plaintiff unreasonably failed to take advantage of corrective or preventive opportunities offered by Oak State or otherwise failed to avoid harm.

### THIRD DEFENSE

3. Plaintiff failed to exercise diligence to mitigate her alleged damages.

### FOURTH DEFENSE

4. Plaintiff is not entitled to punitive damages against Oak State because Plaintiff cannot establish that Oak State acted maliciously or with reckless indifference to any of Plaintiff's alleged protected rights.

### FIFTH DEFENSE

5. All of the allegations in Plaintiff's Complaint which occurred more than 300 days before plaintiff filed her Charge with the Equal Employment Opportunity Commission ("EEOC") should be stricken because Plaintiff is barred from relief for claims under Title VII of the Civil Rights Act that are based on acts that occurred more than 300 days before Plaintiff filed her Charge with the EEOC and this Court does not have any jurisdiction over such claims.

**SIXTH DEFENSE**

6.      All of the allegations in Plaintiff's Complaint which were not raised in the charge which Plaintiff filed with the EEOC should be stricken because Plaintiff is barred from any relief for claims which she failed to include and raise in the charge which she filed with the EEOC, and this Court does not have jurisdiction over such claims.

WHEREFORE, Oak State Products, Inc. prays that judgment be awarded in its favor and against Plaintiff and that Oak State Products, Inc. be awarded all of its costs.

Dated:  February 6, 2007                    Respectfully submitted,

                                            OAK STATE PRODUCTS, INC., Defendant

                                    By:     /s/ Brian P. Paul
                                            One of its Attorneys

Kerryann M. Haase, ARDC No. 06237232
Brian P. Paul, ARDC No. 6286839
Michael, Best & Friedrich LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Phone: (312) 222-0800
E-mail: bppaul@michaelbest.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 6, 2007, I electronically filed the foregoing Answer To Pro Se Complaint Against Employment Discrimination, Under Title VII Of The Civil Rights Act of 1964, 42 U.S.C. §§2000e-5 with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

        Lisa Ann Oser
        226 S. Walnut Street
        Tuluca, Illinois 61369

        /s/ Brian P. Paul
        Attorney for Defendant
        Brian P. Paul, ARDC No. 6286839
        Michael, Best & Friedrich LLP
        180 North Stetson Avenue, Suite 2000
        Chicago, Illinois 60601
        Phone: (312) 222-0800
        E-mail: bppaul@michaelbest.com