1:06-cv-01272-MMM-JAG   # 16    Page 1 of 8                                                    E-FILED
                                                                    Monday, 30 April, 2007  02:06:03 PM
                                                                        Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LISA ANN OSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1272 |
| | ) | |
| OAK STATE PRODUCTS, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## AMENDED COMPLAINT

NOW COMES the plaintiff LISA ANN OSER by her attorney NILE J. WILLIAMSON complaining of the defendant states as follows:

### JURISDICTIONAL STATEMENT

1. That this court has subject matter jurisdiction over this matter pursuant to 28 USC § 1331 in that this is an action based upon the violations of 29 USC § 2601, et seq. commonly known as the Family and Medical Leave Act and Title 7 of the Civil Rights Act 42 USC § 2000 e-2(a)(1), as amended by the Pregnancy Discrimination Act, 42 USC § 2000 e(k).

2. That this action properly lies in this district pursuant to 28 USC § 1391 (b)(2) because the claim arose in this judicial district. That this is a civil action seeking damages against the defendant for a violation of the acts and equitable relief for reinstatement of the plaintiff.

3. That the plaintiff Lisa Ann Oser is currently a resident of the state of Illinois, resides in Toluca, Illinois and is also a citizen of the United States of America.

4. That the defendant Oak State Products, Inc. is a foreign corporation authorized to do business in the state of Illinois and having a local office and plant facility at 775 State Route 251, Wenona, Marshall County, Illinois.

5. That at all times herein relevant, defendant Oak State Products, Inc., a foreign corporation, employed more than fifty persons for each working day during each of twenty or more calendar work weeks in 2004, 2005 and 2006 and was engaged in an industry or activity affecting commerce.

6. That at all times herein relevant, plaintiff has been employed for at least twelve months by the defendant Oak State Products, Inc., a foreign corporation.

7. That on or about May 9, 2005, the plaintiff Ms. Lisa A. Oser filed a timely charge of discrimination against the defendant Oak State Products, Inc., a foreign corporation, PO Box 549, Wenona, IL, alleging sex discrimination and violation of the Family and Medical Leave Act as a result of her termination by said defendant which occurred in 2005, said charge having previously been attached to plaintiff's pro se complaint. On or about July 31, 2006, the EEOC issued a notice of right to sue/Title 7/ADA/ADEA to plaintiff which notice of right to sue was previously attached to plaintiff's pro se complaint. This suit was filed within 90 days of plaintiff's receipt of the right to sue letter.

## COUNT I
### (Family and Medical Leave Act)

8. That the plaintiff Lisa Anne Oser was employed as a packer at defendant's Wenona, IL facility from July, 2001 until on or about May 4, 2005, when she was terminated by Thomas R. Grubb, Human Resources manager of defendant Oak State Products, Inc., a foreign corporation, for the stated reason of failure to communicate her

2

medical leave status as shown by said letter, a true and correct copy of which is attached hereto and made a part hereof as plaintiff's exhibit #1.

9. That plaintiff was conceived with child on or about September, 2004 and continued to work off and on at defendant's facility when her health allowed and defendant acknowledged plaintiff's FMLA leave by letter of March 18, 2005 from Angela Irizarry, a true and correct copy of said letter being attached hereto and made a part hereof as plaintiff's exhibit #2.

10. That on or about March 30, 2005, plaintiff's husband David Oser hand-delivered to Thomas Grubb a statement from plaintiff's physician requesting accommodation in light of plaintiff's pregnancy, a true and correct copy of which is attached hereto and made a part hereof as plaintiff's exhibit #3, but Grubb refused accommodation on behalf of the defendant as shown by the memo dated 3/30/05 to plaintiff from Grubb, a true and correct copy of which is attached hereto and made a part hereof as plaintiff's exhibit #4.

11. That thereafter, plaintiff's husband delivered a second statement from plaintiff's physician dated 3/31/05, which statement only limited plaintiff's ability to work to no prolonged standing and no lifting over 10 pounds as shown by a copy of said statement, a true and correct copy of which is attached hereto and made a part hereof as plaintiff's exhibit #5.

12. That Grubb again refused to accommodate plaintiff and refused to let Oser work at said facility again and as above described, was terminated by defendant on May 4, 2005 and delivered a healthy son on May 9, 2005.

13. That at all times relevant herein, defendant Oak State Products, Inc., a foreign corporation, through its agents, officers and employees had a duty to abide by the provisions of the Family and Medical Leave Act and further had a duty not to interfere with or coerce its employees in the exercise of their rights under the Family and Medical Leave Act.

14. That defendant Oak State Products, Inc., a foreign corporation, by and through their authorized agents, officers and employees is guilty of one or more of the following acts:

   a. Failed to provide the plaintiff with medical leave to deal with her health condition of pregnancy in violation of the Family and Medical Leave Act, when it knew or should have known that plaintiff required and was eligible for such leave.

   b. Refused to allow plaintiff to continue her employment with restrictions when she produced medical certification of her need to work with said restrictions and was eligible for such restrictions.

   c. Discharged by plaintiff instead of providing her with medical leave as required in the Family and Medical Leave Act, when it knew or should have known that plaintiff required and was eligible for such leave.

   d. Refused to restore plaintiff to her original or equivalent job position upon the termination of her pregnancy and when she was able to return to work, in violation of the Family and Medical Leave Act.

4

  e. Otherwise violated plaintiff's right to medical leave, reinstatement, accommodation and benefits in violation of the Family and Medical Leave Act.

15. That the above actions were committed willfully, wantonly and with malice or with such gross negligence as to indicate a wanton disregard for the rights of the plaintiff Lisa A. Oser under the Family and Medical Leave Act.

16. That as a direct and proximate result of one or more of the above mentioned acts, plaintiff Lisa A. Oser has in the past and will in the future suffer loss of employment, income, benefits and other emoluments of employment.

17. That as a direct and proximate result of one or more of the above mentioned acts, plaintiff Lisa A. Oser has in the past and will in the future suffer mental and emotional harm, anguish, distress, embarrassment and humiliation and damage to her reputation.

WHEREFORE, plaintiff Lisa A. Oser prays judgment against the defendant Oak State Products, Inc., a foreign corporation, as follows:

  a. Enter a judgment for the plaintiff Lisa A. Oser and against the defendant, Oak State Products, Inc., a foreign corporation, in an amount necessary to compensate and make whole the plaintiff for all back pay, wages lost, and liquidated damages equal to plaintiff's actual damages; pre-judgment and post-judgment interest and such other relief as is proper.

  b. Enter a preliminary injunction against the defendant Oak State Products, Inc., a foreign corporation, compelling and requiring said

defendant to reinstate plaintiff Lisa A. Oser in her position as packer or equivalent position as above described.

c. Award plaintiff the costs and disbursements of this action, including reasonable attorneys' fees.

## COUNT II
**(Pregnancy Discrimination Act)**

18. That plaintiff repeats and realleges paragraphs 1 through 17 as though fully incorporated herein of Count II.

19. That plaintiff could perform her job as a packer with the limitations stated in plaintiff's exhibit #5 within the legitimate expectations of job performance by the defendant.

20. That defendant's act of terminating and failing to accommodate plaintiff as above described was because of or on the basis of plaintiff's pregnancy, childbirth, or related medical condition.

21. That as a direct and proximate result of the above mentioned acts, plaintiff Lisa A. Oser has in the past and will in the future suffer loss of employment, income, benefits and other emoluments of employment and has in the past and will in the future suffer mental and emotional harm, anguish, distress, embarrassment and humiliation and damage to her reputation.

WHEREFORE, plaintiff Lisa A. Oser prays judgment against the defendant Oak State Products, Inc., a foreign corporation, as follows:

a. Enter a judgment for the plaintiff Lisa A. Oser and against the defendant Oak State Products, Inc., a foreign corporation, in an amount necessary to compensate and make whole the plaintiff for all

6

   back pay, wages lost, front pay, compensatory and punitive damages and for past, present and future pain and suffering and humiliation; pre-judgment and post-judgment interest and such other relief as is proper.

b. Enter a preliminary injunction against the defendant Oak State Products, Inc., a foreign corporation, compelling and requiring said defendant to reinstate plaintiff Lisa A. Oser in her position as packer or in an equivalent position as above described.

c. Award plaintiff the costs and disbursements of this action, including reasonable attorneys' fees.

                               LISA ANN OSER, Plaintiff


                               s/Nile J. Williamson
                               NILE J. WILLIAMSON
                               ATTORNEY AT LAW
                               1926 ASSOCIATED BANK PLAZA
                               PEORIA, IL 61602
                               TELEPHONE: (309) 677-5950
                               FACSIMILE: (309) 6775952
                               E-MAIL: nilew@aol.com
                               NO. 3029417

## CERTIFICATE OF SERVICE

I hereby certify on <u>April 23, 2007</u>, I electronically filed the foregoing Amended Complaint with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following parties who are participants:

Kerryann M. Haase
180 N. Stetson Ave., Suite 2000
Chicago, IL 60601
Telephone: (12) 222-0800
Fax: (312) 222-0818
E-mail: kmhaase@michaelbest.com

                                                s/Nile J. Williamson
                                                NILE J. WILLIAMSON
                                                ATTORNEY AT LAW
                                                1926 ASSOCIATED BANK PLAZA
                                                PEORIA, ILLINOIS 61602
                                                TELEPHONE: (309) 677-5950
                                                FACSIMILE: (309) 677-5952
                                                E-MAIL: nilew@aol.com
                                                NO. 3029417

# Oak State Products, Inc.

## NOTICE OF TERMINATION OF EMPLOYMENT

Lisa Oser
226 S. Walnut Street
Toluca, IL 61369

May 4, 2005

Dear Lisa,

On March 29, 2005, you received a letter from Oak State Products regarding your request to Angela Irizarry for Leave of Absence at the expiration of your FMLA time. The letter instructed you to complete the Certification of Healthcare provider and return it to Oak State Products within 15 days of receipt of the letter. Given both you have failed to respond to the previous letter and you have failed to communicate with Oak State via the attendance line regarding any further time off, we are treating your non-communication as an abandonment of your job. Consequently, we write to notify you that your employment with Oak State Products has been terminated effective April 29, 2005.

Oak State Products' property is private, and we therefore now require you, as a former employee, remain off Company property except by invitation. Trespassing on Oak State Products' property will result in your arrest and prosecution for violation of the law.

Please return immediately all Oak State Products property, including your key card and badge, in your possession. We must receive it within the next seven days or take steps to recover it.

You will receive in the mail pay for any unused accrued vacation time. You also will receive a letter outlining your COBRA insurance coverage continuation rights under separate cover, should it apply to you.

We wish you the best of luck in the future.

Kindest regards,

*Thomas R. Grubb*

Thomas R. Grubb
Human Resources Manager

TRG/aili
Cc: File


Plaintiff's
EXHIBIT
1

P.O. Box 549 Wenona, IL 61377 • (815) 853-4348 • FAX (815) 853-4625

# Oak State Products, Inc.

March 18, 2005

Lisa Oser
226 S. Walnut Street
Toluca, IL 61369

Dear Lisa,

According to our records you began FMLA on December 6, 2004 intermittently, and have been off on FMLA continuously since January 20, 2005. The maximum time allowed for FMLA is a total of 12 weeks in a rolling 12-month period. Your FMLA time will expire on April 6, 2005. According to company policy, failure to report to work on the day after the expiration of the leave will result in termination of employment. Please contact me at 815-853-4348 regarding your intent to return to work. Please remember, you are required to present a fitness-for-duty certification from your physician prior to being restored to employment. If you will need additional time off work, you may request a leave of absence. Should you do so, you will need to have your physician complete a certification form, which I will provide to you at the time of your request.

If you have any questions or concerns, please feel free to contact me.

Warmest Regards,

*Angela Irizarry*
Angela Irizarry
Human Resources Assistant



Plaintiff's EXHIBIT 2

P.O. Box 549 Wenona, IL 61377 • (815) 853-4348 • FAX (815) 853-4625

RECEIVED MAR 30 2005

**FROM THE DESK OF**
KINDRED L.L.C., DAVID H. KINDRED, M.D.
120 N.E. GLEN OAK • SUITE 200
PEORIA, ILLINOIS 61603
673-0000 OR 671-5106

DAVID H. KINDRED, M.D.

Lisa Oser is able to return to work 4 hours/day 3 days per week sitting only + no lifting, due to the pregnancy complications. Thank you,

Dr Kindred/DBurroughs

Plaintiff's
EXHIBIT
3

# Oak State Products          Memo

Date      03/30/2005
To:       Lisa Oser
From:     Tom Grubb, HR Manager
Subject:  Work restrictions

Lisa,

Unfortunately we are not able to accommodate your work restrictions. We need a return to duty with no restrictions.

Tom



Plaintiff's
EXHIBIT
4

**FROM THE DESK OF**
KINDRED L.L.C., DAVID H. KINDRED, M.D.
120 N.E. GLEN OAK • SUITE 200
PEORIA, ILLINOIS 61603
673-0000 OR 671-5106

DAVID H. KINDRED, M.D. 3/31/05

Lisa Oser is able to work 40 hours/wk with no prolonged standing, no lifting over 10 pounds + needs frequent breaks due to pregnancy. Thank you

Kim Kedler

Plaintiff's EXHIBIT 5