IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LISA ANN OSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06-CV-1272 |
| v. | ) |
| | ) Judge Michael M. Mihm |
| OAK STATE PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Oak State Products, Inc. ("Oak State"), by and through its attorneys, Kerryann M. Haase and Brian P. Paul, hereby answers the First Amended Complaint, of Plaintiff Lisa Oser ("Plaintiff") as follows:

### JURISDICTIONAL STATEMENT

1.    That this court has subject matter jurisdiction over this matter pursuant to 28 USC § 1331 in that this is an action based upon the violations of 29 USC § 2601, et seq. commonly known as the Family and Medical Leave Act and Title 7 of the Civil Rights Act 42 USC § 2000 e-2(a)(1), as amended by the Pregnancy Discrimination Act, 42 USC § 2000 e(k).

**ANSWER:** Oak State admits the allegations in paragraph 1 of Plaintiff's Amended Complaint, except denies that any violations of the referenced acts occurred.

2.    That this action properly lies in this district pursuant to 28 USC § 1391 (b)(2) because the claim arose in this judicial district. That this is a civil action seeking damages against the defendant for a violation of the acts and equitable relief for reinstatement of the plaintiff.

**ANSWER:** Oak State admits the allegations in paragraph 2 of Plaintiff's Amended Complaint, except denies that any violations of the acts occurred.

3. That the plaintiff Lisa Ann Oser is currently a resident of the state of Illinois, resides in Toluca, Illinois and is also a citizen of the United States of America.

**ANSWER:** Oak State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's Amended Complaint, and, accordingly, denies the same.

4. That the defendant Oak State Products, Inc. is a foreign corporation authorized to do business in the state of Illinois and having a local office and plant facility at 775 State Route 251, Wenona, Marshall County, Illinois.

**ANSWER:** Oak State denies that it is a foreign corporation. Oak State admits the remaining allegations in paragraph 4 of Plaintiff's Amended Complaint.

5. That at all times herein relevant, defendant Oak State Products, Inc., a foreign corporation, employed more than fifty persons for each working day during each of twenty or more calendar work weeks in 2004, 2005 and 2006 and was engaged in an industry or activity affecting commerce.

**ANSWER:** Oak State denies that it is a foreign corporation. Oak State admits the remaining allegations in paragraph 5 of Plaintiff's Amended Complaint.

6. That at all times herein relevant, plaintiff has been employed for at least twelve months by the defendant Oak State Products, Inc., a foreign corporation.

**ANSWER:** Oak State admits that it employed Plaintiff from July 2001 to May 4, 2005. Oak State denies the remaining allegations in paragraph 6 of Plaintiff's Amended Complaint.

7. That on or about May 9, 2005, the plaintiff Ms. Lisa A. Oser filed a timely charge of discrimination against the defendant Oak State Products, Inc., a foreign corporation, PO Box 549, Wenona, IL, alleging sex discrimination and violation of the Family and Medical Leave Act as a result of her termination by said defendant which occurred in 2005, said charge having previously been attached to plaintiff's pro se complaint. On or about July 31, 2006, the EEOC issued a notice of right to sue/Title 7/ADA/ADEA to plaintiff which notice of right to sue was previously attached to plaintiff's pro se complaint. This suit was filed within 90 days of plaintiff's receipt of the right to sue letter.

**ANSWER:** Oak State denies the allegations in paragraph 7 of Plaintiff's Amended Complaint.

## COUNT I

### (Family and Medical Leave Act)

8.     That the plaintiff Lisa Ann Oser was employed as a packer at defendant's Wenona, IL facility from July, 2001 until on or about May 4, 2005, when she was terminated by Thomas R. Grubb, Human Resources manager of defendant Oak State Products, Inc., a foreign corporation, for the stated reason of failure to communicate her medical leave status as shown by said letter, a true and correct copy of which is attached hereto and made a part hereof as plaintiff's exhibit #1.

**ANSWER:**    Oak State denies the allegations in paragraph 8 of Count I of Plaintiff's Amended Complaint, except admits that Plaintiff was employed as a packer at Oak State's Wenona, Illinois facility until Plaintiff's employment with Oak State terminated on May 4, 2005 and states that the document, attached to Plaintiff's Amended Complaint as Exhibit #3, speaks for itself.

9.     That plaintiff was conceived with child on or about September, 2004 and continued to work off and on at defendant's facility when her health allowed and defendant acknowledged plaintiff's FMLA leave by letter of March 18, 2005 from Angela Irizarry, a true and correct copy of said letter being attached hereto and made a part hereof as plaintiff's exhibit #2.

**ANSWER:**    Oak State admits that it acknowledged by letter dated March 18, 2005 from Angela Irizarry that Plaintiff began FMLA leave on December 6, 2004. Oak State does not have knowledge or information about whether "plaintiff was conceived with child on or about September 2004" and, accordingly, denies the same. Oak State denies the remaining allegations in paragraph 9 of Count I of Plaintiff's Amended Complaint and states that the document, attached to Plaintiff's Amended Complaint as Exhibit #2, speaks for itself.

10.     That on or about March 30, 2005, plaintiff's husband David Oser hand-delivered to Thomas Grubb a statement from plaintiff's physician requesting accommodation in light of Plaintiff's pregnancy, a true and correct copy is attached hereto and made a part of Plaintiff's Exhibit #3, but Grubb refused accommodation on behalf of the defendant as shown by the memo dated 3/30/05 to plaintiff from Grubb, a true and correct copy of which is attached hereto and made a part hereof as plaintiff's exhibit #4.

3

**ANSWER:** Oak State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Count I of Plaintiff's Amended Complaint, and, accordingly denies the same except states that the documents, attached to Plaintiff's Amended Complaint as Exhibit #3 and Exhibit #4, speak for themselves.

11. That thereafter, plaintiff's husband delivered a second statement from plaintiff's physician dated 3/31/05, which statement only limited plaintiff's ability to work to no prolonged standing and no lifting over 10 pounds as shown by a copy of said statement, a true and correct copy of which is attached hereto and made a part hereof as plaintiff's exhibit #5.

**ANSWER:** Oak State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Count I of Plaintiff's Amended Complaint, and, accordingly, denies the same, except states that the document, attached to Plaintiff's Amended Complaint as Exhibit #5, speaks for itself.

12. That Grubb again refused to accommodate plaintiff and refused to let Oser work at said facility again and as above described, was terminated by defendant on May 4, 2005 and delivered a healthy son on May 9, 2005.

**ANSWER:** Oak State admits that it terminated Plaintiff on May 4, 2005. Oak State is without knowledge or information to form a belief as to whether Plaintiff "delivered a healthy son on May 9, 2005" and, accordingly, denies the same. Oak State denies the remaining allegations in paragraph 12 of Count I of Plaintiff's Amended Complaint.

13. That at all times relevant herein, defendant Oak State Products, Inc., a foreign corporation, through its agents, officers and employees had a duty to abide by the provisions of the Family and Medical Leave Act and further had a duty not to interfere with or coerce its employees in the exercise of their rights under the Family and Medical Leave Act.

**ANSWER:** Oak State admits that it is subject to the provisions of the Family and Medical Leave Act. Oak State denies the remaining allegations in paragraph 13 of Count I of Plaintiff's Amended Complaint.

14. That defendant Oak State Products, Inc., a foreign corporation, by and through their authorized agents, officers and employees is guilty of one or more of the following acts:

4

    a.    Failed to provide the plaintiff with medical leave to deal with her health condition of pregnancy in violation of the Family and Medical Leave Act, when it knew or should have known that plaintiff required and was eligible for such leave.

    b.    Refused to allow plaintiff to continue her employment with restrictions when she produced medical certification of her need to work with said restrictions and was eligible for such restrictions.

    c.    Discharged by plaintiff instead of providing her with medical leave as required in the Family and Medical Leave Act, when it knew or should have known that plaintiff required and was eligible for such leave.

    d.    Refused to restore plaintiff to her original or equivalent job position upon the termination of her pregnancy and when she was able to return to work, in violation of the Family and Medical Leave Act.

    e.    Otherwise violated plaintiff's right to medical leave, reinstatement, accommodation and benefits in violation of the Family and Medical Leave Act.

**ANSWER:** Oak State denies the allegations in paragraph 14 of Count I of Plaintiff's Amended Complaint.

15. That the above actions were committed willfully, wantonly and with malice or with such gross negligence as to indicate a wanton disregard for the rights of the plaintiff Lisa A. Oser under the Family and Medical Leave Act.

**ANSWER:** Oak State denies the allegations in paragraph 15 of Count I of Plaintiff's Amended Complaint.

16. That as a direct and proximate result of one or more of the above mentioned acts, plaintiff Lisa A. Oser has in the past and will in the future suffer loss of employment, income, benefits and other emoluments of employment.

**ANSWER:** Oak State denies the allegations in paragraph 16 of Count I of Plaintiff's Amended Complaint.

17. That as a direct and proximate result of one or more of the above mentioned acts, plaintiff Lisa A. Oser has in the past and will in the future suffer mental and emotional harm, anguish, distress, embarrassment and humiliation and damage to her reputation.

**ANSWER:**    Oak State denies the allegations in paragraph 17 of Count I of Plaintiff's Amended Complaint.

## COUNT II
### (Pregnancy Discrimination Act)

18.    That plaintiff repeats and realleges paragraphs 1 through 17 as though fully incorporated herein of Count II.

**ANSWER:**    Oak State realleges and restates its answers to paragraphs 1 through 17 as though fully incorporated herein.

19.    That plaintiff could perform her job as a packer with the limitations stated in plaintiff's exhibit #5 within the legitimate expectations of job performance by the defendant.

**ANSWER:**    Oak State denies the allegations in paragraph 19 of Count II of Plaintiff's Amended Complaint.

20.    That defendant's act of terminating and failing to accommodate plaintiff as above described was because of or on the basis of plaintiff's pregnancy, childbirth, or related medical condition.

**ANSWER:**    Oak State denies the allegations in paragraph 20 of Count II of Plaintiff's Amended Complaint.

21.    That as a direct and proximate result of the above mentioned acts, plaintiff Lisa A. Oser has in the past and will in the future suffer loss of employment, income, benefits and other emoluments of employment and has in the past and will in the future suffer mental and emotional harm, anguish, distress, embarrassment and humiliation and damage to her reputation.

**ANSWER:**    Oak State denies the allegations in paragraph 21 of Count II of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Lisa A. Oser prays judgment against the defendant Oak State Products, Inc., a foreign corporation as follows:

a.  Enter a judgment for the plaintiff Lisa A. Oser and against the defendant Oak State Products, Inc., a foreign corporation, in an amount necessary to compensate and make whole the plaintiff for all back pay, wages lost, front pay, compensatory and punitive damages and for past, present and future pain and suffering and humiliation pre-judgment and post-judgment interest and such other relief as is proper.

b.  Enter a preliminary injunction against the defendant Oak State Products, Inc., a foreign corporation, compelling and requiring said defendant to reinstate plaintiff Lisa A. Oser in her position as packer or in an equivalent position as above described.

c.  Award plaintiff the costs and disbursements of this action, including reasonable attorneys' fees.

**ANSWER:** Oak State denies that Plaintiff is entitled to any relief requested in this action and prays for a judgment in its favor and against Plaintiff and that Oak State be awarded all of its costs.

## AFFIRMATIVE DEFENSES

Oak State submits the following Affirmative Defenses to Plaintiff's First Amended Complaint:

### First Affirmative Defense

1.  Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. To the extent Plaintiff has failed to use reasonable efforts and exercise diligence in seeking suitable subsequent employment following her termination, she has failed to properly mitigate her damages.

### Third Affirmative Defense

3. Plaintiff's claims fail and are barred pursuant to the doctrine of estoppel.

### Fourth Affirmative Defense

4. Plaintiff's claims fail and are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

5. Plaintiff's Title VII claim should be barred to the extent that Oak State's conduct and decisions were motivated by legitimate non-discriminatory reasons.

### Sixth Affirmative Defense

6. Plaintiff's claims of discrimination which occurred more than three hundred days prior to the date of the filing of her charge of discrimination are time-barred.

### Seventh Affirmative Defense

7. Plaintiff's claims fail and are barred by the statute of limitations applicable to claims under the Family and Medical Leave Act.

### Eighth Affirmative Defense

8. To the extent Plaintiff asserts claims outside the scope of the administrative charge, such claims are barred.

### Ninth Affirmative Defense

9. To the extent Plaintiff asserts claims to which she has failed to exhaust administrative remedies, such claims are barred.

### Tenth Affirmative Defense

10. Defendant acted in good faith and in accordance with applicable federal, state and local laws and regulations prohibiting employment discrimination.

### Eleventh Affirmative Defense

11. Defendant acted in good faith and in accordance with the Family and Medical Leave Act.

### Twelfth Affirmative Defense

12. Plaintiff's claims under Title VII fail and are barred because Plaintiff failed to file her lawsuit alleging violations of Title VII within ninety days of receiving a right to sue notice from the Equal Employment Opportunity Commission.

Dated: May 21, 2007                                   Respectfully submitted,

                                                      OAK STATE PRODUCTS, INC., Defendant

                                              By:     /s/ Kerryann M. Haase
                                                      One of its Attorneys

Kerryann M. Haase, ARDC No. 06237232
Brian P. Paul, ARDC No. 6286839
Michael, Best & Friedrich LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Phone: (312) 222-0800
E-mail: kmhaase@michaelbest.com
E-mail: bppaul@michaelbest.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2007, I electronically filed the foregoing Defendant's Answer to Amended Complaint and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Lisa Ann Oser
>226 S. Walnut Street
>Tuluca, Illinois  61369

>/s/ Kerryann M. Haase
>Attorney for Defendant
>Kerryann M. Haase, ARDC No. 06237232
>Michael, Best & Friedrich LLP
>180 North Stetson Avenue, Suite 2000
>Chicago, Illinois 60601
>Phone: (312) 222-0800
>E-mail:kmhaase@michaelbest.com